```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        - v. -                         :    05 Cr. 1311 (PAC)

MARVIN MCFOY,                          :

              Defendant.               :

- - - - - - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT MARVIN MCFOY'S MOTION TO PRECLUDE**

 

 

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America.

RANDALL W. JACKSON
KARL N. METZNER
Assistant United States Attorneys
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                      :    05 Cr. 1311 (PAC)

MARVIN MCFOY,                       :

            Defendant.              :

- - - - - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
## TO MARVIN MCFOY'S MOTION TO PRECLUDE

### PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant Marvin McFoy's pre-trial motion seeking: (1) to preclude the Government from offering into evidence "coconspirator statements obtained by a wiretap of numerous phone conversations," or, in the alternative, a pre-trial hearing to determine the admissibility of these statements; and (2) to preclude the Government from offering any testimony identifying the defendant as the speaker "without first establishing, at a pre-trial hearing, the evidentiary foundation for such identification." For the reasons set forth below, the Court should deny the defendant's motion in its entirety.

### BACKGROUND

In or about the summer of 2005, DEA agents were conducting an investigation of individuals engaged in a conspiracy to distribute narcotics. As part of that

investigation, Court-authorized interceptions were obtained over a cellular telephone used by McFoy and over telephones used by his co-conspirators. See Affirmation of James Lee ("Lee Aff."), attached as Exhibit 1, at ¶ 3. During the course of the investigation, the agents were able to identify McFoy and determined that he lived at 1368 Sheridan Avenue, Apartment 5C, Bronx, New York ("1368 Sheridan Avenue"). Lee Aff. at ¶¶ 4, 6.

In or about July 2005, one of McFoy's co-conspirators ("CC-1") was arrested with over 400 grams of heroin and $16,000 in cash. DEA agents monitoring the wire-tapped phones overheard McFoy and his co-conspirators, including his co-defendants, discussing the arrest of CC-1. Lee Aff. at ¶ 9.

## ARGUMENT

**I. Applicable Law**

Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or . . . (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." In order to admit a statement under Rule 801(d)(2)(E), the court must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the

conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The party offering the statement must prove these preliminary facts by a preponderance of the evidence. 483 U.S. at 176. The Supreme Court has made clear that the proffered allegedly hearsay statement may itself be considered in making the Rule 801(d)(2)(E) determination. *Bourjaily*, 483 U.S. at 181; *United States v. Padilla*, 203 F.3d 156, 161 (2d Cir. 2000); *United States v. Broussard,* 80 F.3d 1025 (5th Cir. 1996).

It is not necessary that the declarant be formally charged as a codefendant, nor is it even necessary that a conspiracy be charged in the indictment. *United States v. Cambindo Valencia*, 609 F.2d 603 (2d Cir. 1979); *United States v. Jones*, 542 F.2d 186 (4th Cir. 1976); *United States v. Doulin*, 538 F.2d 466 (2d Cir. 1976); *United States v. Layton*, 855 F.2d 1388 (9th Cir. 1988). The fact that one party to the conversation is not a member of the conspiracy, or even a government agent or confidential informant, does not preclude admission of statements by the declarant, as long as the declarant was a member of the conspiracy. *United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994) (communications to someone not a member of the conspiracy can be in furtherance of conspiracy's goals); *United States v. Williamson*, 53 F.3d 1500 (10th Cir. 1995). The co-conspirator declarant need not be present in court or subject to cross-examination as a prerequisite for the admission of his or her

3

out-of-court statement. *United States v. Inadi*, 475 U.S. 387 (1986); *United States v. Caputo*, 791 F.2d 37 (3rd Cir. 1986). Indeed, it is not even necessary that the declarant be identified with precision for his statements to be admitted. *See United States v. Breitkreutz*, 977 F.2d 214, 218 (6th Cir. 1992). Furthermore, the statements of a conspirator are admissible even against one who joins the conspiracy after the statement was made. *United States v. Badalamenti*, 794 F.2d 821 (2d Cir. 1986); *United States v. Jackson*, 757 F.2d 1486 (4th Cir. 1985). Regardless of whether the defendant against whom the statements were offered "joined the alleged conspiracy early or late, all acts and statements of co-conspirators in furtherance of the conspiracy would be admissible against him regardless of whether he were tried separately or jointly." 2 Wright & Miller, *Federal Practice and Procedure* (Criminal) § 413, at 502.

Though "merely narrative descriptions by one co-conspirator of the acts of another" are not necessarily made in furtherance of the conspiracy, *see United States v. Beech-Nut*, 871 F.2d 1171, 1199 (2d Cir. 1989), co-conspirator statements may be found to be "in furtherance" of the conspiracy if they "prompt the listener to respond in a way that facilitates the carrying out of criminal activity." *Beech-Nut*, 871 F.2d at 1199 (citing *United States v. Rahme*, 813 F.2d 31, 35 (2d Cir. 1987)). As the Second Circuit explained in *United States v. Maldonado-Rivera*:

> In addition to the more obvious types of communications to implement a conspiratorial operation, statements between co-conspirators that may be found to be in furtherance of the conspiracy ***include statements that provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy.***

*Maldonado-Rivera*, 922 F.2d 934, 959 (2d Cir. 1990) (emphasis added); *accord Padilla*, 203 F.3d 161; *United States v. Diaz*, 176 F.3d 52, 85 (2d Cir. 1999) (narrative statement several days after murders, describing who shot whom and with what weapons, was in furtherance of overarching RICO and narcotics conspiracies, since designed to foster cohesiveness); *United States v. Rahme*, 813 F.2d 31, 35-36 (2d Cir. 1987); *United States v. Zandstra*, 2001 WL 26211, at *3 (S.D.N.Y. Jan. 10, 2001) (Sweet, J.); *United States v. Ammar*, 714 F.2d 238, 252 (3rd Cir. 1983). See also *United States v. Paone*, 782 F.2d 386, 390 (2d Cir. 1986) ("'in furtherance' requirement of Rule 801(d)(2)(E) is satisfied when a co-conspirator is apprised of the progress of the conspiracy, or when the statements are designed to induce his assistance"); *United States v. Burton*, 126 F.3d 666, 675 (5th Cir. 1997) (a statement that identifies the role of one co-conspirator to another is in furtherance of the conspiracy); *United States v. Flores-Rivera*, 56 F.3d 319, 329 (1st Cir. 1995) (since members of narcotics organization "need to know the

identities of the players in the organization . . . statements to this end are certainly in furtherance of the conspiracy").

Retrospective statements made as long as three years after a specific criminal act have been held by the Second Circuit to be "in furtherance" of a larger conspiracy. *See United States v. Dessena*, 260 F.3d 150, 157-58 (2d Cir. 2001) (statements by co-conspirator at a 1997 meeting of motorcycle gang, ridiculing defendant for conduct of a 1994 arson attempt against rival gang, "could be understood as informing other coconspirators about the status of the conflict between the two gangs, and perhaps as an exhortation to avoid ridicule by doing things right").

Whether a statement is made "in furtherance" of a conspiracy is a preliminary question of fact to be determined by the trial court by a preponderance of the evidence. Beech-Nut, 871 F.2d 1181, 1198 (2d Cir. 1989); *United States v. DeJesus*, 806 F.2d 31, 34 (2d Cir. 1986). A District Court's finding that a given statement is made "in furtherance" of a conspiracy will not be disturbed unless it is clearly erroneous. *Beech-Nut*, 871 F.2d at 1198; *DeJesus*, 806 F.2d at 34. That the evidentiary standard for proving the "in furtherance" element is a low one and that the standard of appellate review is deferential is in keeping with the more general principle that "[t]he in furtherance requirement of Rule 801(d)(2)(E) is construed broadly." United

States v. Escobar, 50 F.3d 1414, 1423 (8th Cir. 1995); *United States v. Limones*, 8 F.3d 1004, 1008 (5th Cir. 1993).

The Supreme Court has made clear that the order of proof and general conduct of the trial are within the District Court's discretion; the Court may admit declarations by alleged conspirators prior to the time that all of the requirements for admissibility have been established by independent evidence. *Bourjaily*, 483 U.S. at 176 n.1; *United States v. Perez*, 658 F.2d 654 (9th Cir. 1981).

**II.  The Statements of the Defendant's Coconspirators are Admissible Under Federal Rule of Evidence 801(d)(2)(E).**

The defendant argues that the coconspirator statements the Government intends to offer at trial should be precluded. The Government intends to offer at trial the statements of the defendant and his coconspirators discussing the organization of drug deals, attempts to collect payment for drug deals, and the status of coconspirators and a possible criminal investigation in the days following a narcotics transaction. These are precisely the types of statements that the Second Circuit has identified as properly admitted under Rule 801(d)(2)(E). *See Maldonado-Rivera*, 922 F.2d at 959.

The Government respectfully requests that, at the conclusion of all of the evidence, the Court determine whether a preponderance of the evidence establishes all of the prerequisites of admissibility of the co-conspirator statements

7

that have been received into evidence and explicitly so rule. *See United States v. Stanchich*, 550 F.2d 1294 (2d Cir. 1977); *United States v. Hewes*, 729 F.2d 1302 (11th Cir. 1984); *United States v. Cerone*, 830 F.2d 938 (8th Cir. 1987). The Government will also submit as part of its requests to charge a suggested instruction on the proper use of co-conspirator statements.

### III. The Court Should Deny the Defendant's Request for a Hearing on both the Admissibility of the Defendant's Coconspirators Statements and the Identification of the Defendant as a Speaker on the Intercepted Calls.

#### A. The Court should not hold a James Hearing.

The defendant argues that a "James Hearing"[1] is necessary to prevent potential prejudice to the defendant in the event that the Government fails to demonstrate that the contested statements were made in connection with the conspiracy. Def. Br. at 3. The defendant also argues that the Government should be required to establish at a pre-trial hearing that the defendant is the speaker on any recording of an alleged statement by the defendant. The Second Circuit has described the appropriate method for adjudicating a challenge to the Government's ability to establish that defendant is sufficiently connected to a conspiracy, where the admission of coconspirator statements is at stake. *See United States* v. Geaney, 417 F.2d 1116 (2d Cir. 1969) (Friendly, J.). In *Geaney*, Judge Friendly wrote "[w]hile the

---

[1] *See United States* v. *James*, 576 F.2d 1121(5th Cir. 1978).

8

practicality of a conspiracy trial may require that hearsay be admitted 'subject to connection,' the judge must determine, when all the evidence is in, whether in his view the prosecution has proved participation in the conspiracy, by the defendant against whom the hearsay is offered, by a fair preponderance of the evidence independent of the hearsay utterances."[2] *Id.* at 1120. A recent decision in this district observed that "[i]n the Second Circuit, the functional equivalent of a James Hearing is provided by a *Geaney* ruling which occurs during trial and relies for its basis on the facts adduced at trial, including evidence received subject to a motion to strike at the close of the Government's case." *United States* v. *Ma*, No. 03 CR. 734(DAB), 2006 WL 708559 at *16 (Mar. 21, 2006) (quoting *United States* v. *Davidson*, No. 92-CR-35, 1992 U.S. Dist. LEXIS 19434, *42, 1992 WL 402959, at *12 (N.D.N.Y. Dec. 16, 1992)); *see also United States* v. *Feola*, 651 F.Supp. 1068, 1139 (S.D.N.Y. 1987) (noting that "In our Circuit . . .the matter is admissible upon the trial court's determination, made at the close of the government's case, of the sufficiency of the evidence, independent of the hearsay testimony, that the alleged co-conspirator participated in the conspiracy.") (internal quotation marks omitted).

    Indeed, in *Feola*, Chief Judge Brieant noted that "a motion

---

[2] The *Geaney* decision predates the codification of this principle in Fed. R. Evid. 801(d)(2)(E).

for a James hearing in this Circuit must be regarded as frivolous. Defendants who want James hearings should so conduct their business as to be tried in the Fifth or Eleventh Circuits." *Id.* Your Honor, moreover, recently confronted this issue and determined that the contested coconspirator statements were admissible at trial subject to a later determination of whether the Government had met its burden to "show all prerequisites of admissibility by a preponderance of the evidence . . . once all evidence [had] been presented." *United States* v. *Dames*, No. 04 Cr. 1247(PAC), 2007 WL 1129323 (S.D.N.Y. Apr. 12, 2007) (Crotty, J.). The Court of Appeals for the Second Circuit has never endorsed the James hearing procedure.

      Here, the defendant has identified no compelling justification for breaking with the procedures followed in this Circuit for adjudicating 801(d)(2)(E) challenges. If the Government fails to meet its burden for demonstrating the admissibility of the statements, the Court will be able to instruct the jury that the statements may not be considered in determining the defendant's guilty. The defendant has not identified any feature of the contested statements that will potentially prejudice the defendant in any way other than demonstrating his guilt of the crime charged in the Indictment.

> **B. The Court should not hold a hearing to establish voice identification.**

The defendant argues that a pre-trial hearing is necessary to determine whether the Government can establish that the defendant is a participant in phone conversations it seeks to introduce. Voice identification is regularly conducted at trial and courts in this Circuit that have considered this issue have generally rejected defendants' requests for pre-trial hearings on voice identification. *See United States* v. *De LaRosa*, No. 06-CR-6042L, 2008 WL 2595171 at *1, (W.D.N.Y. June 27, 2008 )("I agree with the Government's position, as set forth in its response to the motion (Dkt.# 97), that the matter is one for resolution at trial and not by preliminary hearing. The issue involves authentication of evidence and the Government, as the proponent of the evidence, will have to establish proper authentication of the evidence under the Federal Rules of Evidence."); *United States* v. *Roldan*, No. 96 Crim. 712 (LBS), 1997 WL 160592 at *1, (S.D.N.Y. Apr. 04, 1997)(denying motion for pre-trial evidentiary hearing on voice identification); *United States* v. *Esposito,* 423 F.Supp. 908, 913 (S.D.N.Y. 1976)("At trial the defendants will have ample opportunity to contest by cross-examination the validity of the voice identifications. There is no need for a hearing now."). The defendant has failed to demonstrate any need for a pre-trial hearing on voice identification.

The two cases relied upon by the defendant for this argument are inapposite. *See* Def. Br. At 4. In *United States* v. *Bryant*, 480 F.2d 785 (2d Cir. 1973), the Court was addressing the question of whether the trial judge should have examined a tape, alleged to be inaudible, before the tape was trial, as well as the question of whether a transcript used as a demonstrative aid was accurate. *See id*. at 789. The question of whether a pre-trial hearing for voice identification was necessary was not addressed in any part of the *Bryant* decision. Similarly, in *United States v. Huang*, 101 F.3d 1392, 1996 WL 387221 at *3 (2d Cir. 1996), the only hearing addressed was an audibility hearing that the district court held outside of the presence of the jury. The only point made with regard to voice identification in the *Huang* case was that "A telephone conversation is admissible in evidence if the identity of the speaker is satisfactorily established . . . . [t]he standard for the admissibility of an opinion as to the identity of a speaker on tape is merely that the identifier has heard the voice of the alleged speaker at any time." *Id.* (Internal citations and quotation marks omitted). The Court should deny the defendant's request for a pre-trial hearing to address the Government's voice identification proof.

**CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's motion to preclude and deny the defendant's request for a hearing to determine the admissibility of coconspirator statements and the sufficiency of the Government's identification of the defendant.

Dated:    New York, New York
          July 11, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

                    By:    _____/s/_____
                           Randall W. Jackson
                           Karl N. Metzner
                           Assistant United States Attorneys
                           Tel.: (212) 637-1029/2476